UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHELLY GORE                                                                                     PLAINTIFF

v.                                            No. 5:20-cv-5100

COMMUNICATIONS SUPPLY
CORPORATION, et al.                                                                       DEFENDANTS

**OPINION AND ORDER**

Before the Court are three separate motions to dismiss (Docs. 9, 11, and 14) filed by each of the defendants in this case, Wesco International, Inc. ("Wesco International"), Communications Supply Corporation ("CSC"), and Wesco Distribution, Inc. ("Wesco Distribution"). Each defendant also filed a brief (Docs. 10, 12, and 15) in support. Plaintiff Shelly Gore filed a response (Doc. 18) and brief (Doc. 19) in support addressing the arguments raised in each motion. The motions will be denied.

In her complaint, Plaintiff alleges she worked for all three defendants from November 2012 until her termination on May 24, 2019. She claims that during her employment she was subjected to various forms of discrimination on the basis of her sex. (Doc. 3, p. 1, ¶ 4). Following her termination, Plaintiff filed the instant action under Title VII, the Federal Equal Pay Act, the Arkansas Equal Pay Act, and the Arkansas Civil Rights Act ("ACRA") alleging sex discrimination in her pay, work environment, and discharge. All three defendants argue Plaintiff's Title VII claims related to her discharge and hostile environment[1] should be dismissed because she failed to exhaust her administrative remedies, and her claims under the ACRA are barred by the applicable statute of limitations. Separate Defendant Wesco International also contends any claims against it

---

[1] In her response, Plaintiff clarifies that she is not asserting a claim for hostile environment. (Doc. 19, p. 2).

must be dismissed for lack of personal jurisdiction. The Court need not address Wesco International's argument on personal jurisdiction because Plaintiff moves to dismiss her claims against Wesco International without prejudice pursuant to Federal Rule Civil Procedure 41. (Doc. 19, p. 2). Plaintiff also moves to dismiss her Title VII wrongful discharge claim without prejudice. (*Id.*). The Court finds good cause to grant both requests. Plaintiff's Title VII wrongful discharge claim and all claims against Wesco International, Inc. are DISMISSED WITHOUT PREJUDICE. After dismissal of these claims, Plaintiff's remaining claims are for equal pay violations under Title VII, the Federal Equal Pay, the Arkansas Equal Pay Act, and the ACRA, and wrongful discharge under the ACRA against both CSC and Wesco Distribution.

Turning to the merits of the instant motions, CSC argues Plaintiff's Title VII equal pay claim should be dismissed because Plaintiff failed to name CSC in the Equal Employment Opportunity Commission ("EEOC") charge of discrimination. Before a party can sue another for discrimination under Title VII, the aggrieved party must first file a charge against a party with the EEOC. *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985). However, "omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII." *Greenwood v. Ross*, 778 F.2d 448, 450-51 (8th Cir. 1985) (quoting *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980) (internal alterations omitted)). Where a party has "adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings," failing to name that party in an EEOC charge is not fatal to a Title VII against it. *Id.* at 451. A party not named in an EEOC charge had adequate notice of the charge where there is a "sufficient identify of interest" between that unnamed party and a party named in the EEOC charge. *Id.*; *see also Henry v. E.G. & G. Mo. Metals Shaping Co., Inc.*, 837 F.Supp. 312, 313-14 (E.D. Mo. 1993).

There is no dispute that Plaintiff named only Wesco Distribution in the EEOC charge. However, Plaintiff contends CSC and Wesco Distribution share a sufficient identity of interest such that notice to Wesco Distribution imputes notice to CSC. Plaintiff offers to amend her complaint to add facts that tend to demonstrate there may be a sufficient identity of interest between CSC and Wesco Distribution. Amendment is unnecessary because CSC fails to show that it does not share an identity of interest with Wesco Distribution such that it had no notice of the EEOC charge. The amended complaint alleges Plaintiff worked for both defendants. (Doc. 3, p. 1, ¶ 1). Plaintiff further alleges both defendants controlled her employment, termination, and set policies, goals, and procedures during her employment. (*Id.* at ¶ 3). Absent any argument to the contrary, the Court finds this is a sufficient factual basis to support an inference the defendants share an identity of interest. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotation omitted)). If facts develop during discovery which demonstrate the defendants do not share an identity of interest, CSC may raise this issue again in a motion for summary judgment.

Both Defendants also argue Plaintiff's claims under the ACRA must be dismissed because they are barred by the one-year statute of limitations for employment discrimination claims under Ark. Code Ann. § 16-123-107(c)(3). A statute of limitations defense is "typically an affirmative defense, which the defendant must plead and prove." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). As such, "the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie*, 516 F.3d at 713 n.3). It is not clear from the face of the complaint that Plaintiff's claims are barred by the statute of

limitations. Defendants' statute of limitations argument requires additional factual development and is more appropriate for a motion for summary judgment, rather than a motion to dismiss. *See Hile v. Jimmy Johns Highway 55, Golden Valley*, 899 F.Supp.2d 843, 847 n.6 (D. Minn. 2012) ("[Q]uestions regarding timeliness generally must be resolved by a motion for summary judgment rather than a motion to dismiss.").

IT IS THEREFORE ORDERED that Plaintiff's Title VII claim for wrongful discharge is DISMISSED WITHOUT PREJUDICE and all claims against Separate Defendant Wesco International, Inc. are DISMISSED WITHOUT PREJUDICE. Wesco International's motion (Doc. 9) to dismiss is TERMINATED as MOOT.

IT IS FURTHER ORDERED that Defendants' motions (Doc. 11 and 14) are DENIED as stated herein.

IT IS SO ORDERED this 17th day of July, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE